### Ex parte Richard W. MEDIEROS.

### Nos. 54438, 54932.

Court of Criminal Appeals of Texas.

June 14, 1977.

Brantley Pringle, Fort Worth, for appellant in No. 54438.

Ben Hill Turner, Cleburne, for appellant in No. 54932.

John R. MacLean, Dist. Atty., Cleburne, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

### OPINION

ODOM, Judge.

These are two appeals following habeas corpus proceedings in the 18th District Court in which appellant was remanded to custody for extradition to Arizona.

In Cause No. 54,438, appellant complains that his confinement is illegal because there is no Texas warrant or court order authorizing any Texas peace officer to restrain him on any charge and because the Governor of Texas has not issued a warrant for his extradition. Subsequent to the appeal of Cause No. 54,438, the Governor did issue a warrant for appellant's extradition. Appellant in Cause No. 54,932, however, states that the Governor's warrant and the supporting papers contained in the record are insufficient to support his extradition to Arizona.

In each cause the trial court, after hearing, ordered appellant remanded to custody for extradition to Arizona. Therefore, if either of the two such orders is valid, we must deny relief and affirm the valid order.

Appellant's waiver of extradition recites:

"I, Richard W. Mederios, [sic] hereby acknowledge that I am charged in a Court of Pima County, Arizona, with felony offenses of (1) armed burglary (2) assault with a deadly weapon (3) attempted armed robbery (4) kidnapping, and that a warrant number 702389056 has been issued from said State for my arrest. I hereby waive the issuance and service of the warrant provided by law for my extradition from the State of Tex-

as to the State of Arizona and I hereby acknowledge to E. Byron Crosier, Judge of the 18th Judicial Court of Johnson County, Texas, that I am willing to return in the custody of any Arizona peace officer to the State of Arizona without the issuance and service of any warrant other than the warrant already issued for my arrest. I understand that I have the right to demand that extradition proceedings be initiated and carried out in this matter and I voluntarily waive all extradition proceeding of every kind and character, and I further realize that I am entitled to sue out a writ of habeas corpus and I further voluntarily waive my right of said habeas corpus proceeding, all of these matters having been fully explained to me by E. Byron Crosier, Judge of the 18th Judicial District Court of Johnson County, Texas.

"I understand that this is not in any way a plea of guilty and that I do not waive any of my rights in the trial of the matter with which I am charged in the state of Arizona."

 Appellant contends, however, that the waiver was obtained without advice of counsel, and that the waiver was coerced.

The record reflects that appellant is thirty-two years old and has completed his junior year in college. During the hearing held on the writ of habeas corpus in Cause No. 54,438, the following dialogue occurred between the district attorney and the appellant:

"Q. So, you have got the hours necessary to classify you as a junior, almost a senior?

"A. Right, yes, sir.

"Q. As I recall you were seated back along with another individual, back toward the rear of the Courtroom there?

"A. That's right.

"Q. And some other proceedings were taking place there while you were seated there?

"A. Right.

"Q. And then I believe you were called up here before Judge Crosier, and he discussed the instrument that you signed with you; did he not?

"A. Yes, sir.

"Q. And did he not tell you that you were wanted in Arizona for some charges there, and that they want to come and pick you up and take you back there to Arizona? Didn't you understand that?

"A. Yes, sir.

"Q. And in fairness to the Court here, didn't he make it clear to you that you didn't have to sign this instrument unless you clearly wanted to sign it?

"A. Yes, sir.

"Q. And when he was explaining your rights to you, he explained what would happen if you did sign this waiver that they would come and get you, and you would be tried in Arizona for your charges?

"A. Yes, sir.

"Q. And I believe he also told you that at that time you weren't waiving any of your rights in Arizona, that this didn't involve a guilty plea out there, that you weren't waiving any of your rights to a fair trial and trial by Jury, and so forth, in Arizona? Didn't he make that perfectly clear to you?

"A. Yes, sir.

"Q. And I believe he also discussed that you had the right to have a Habeas Corpus proceeding here in Johnson County where you could sue out a Habeas Corpus if I recall correctly. Do you recall that?

"A. Yes, sir.

"Q. And that basically you were going away with the procedure that is required to extradite you, that you were willing to go when the deputies came to pick you up? Basically that is what was involved?

"A. Pardon me?

"Q. Basically you realized once you signed that, you were going to be picked up by some deputies from Arizona and taken back to Arizona for a trial?

"A. Yes, sir.

"Q. Did the Judge hurry through that, or did he take his time and treat you fairly and explain it to you in detail?

"A. I thought he was quite, uh, deliberate about it.

"Q. Do you feel like in any way he tricked or pressured you into signing that?

"A. No, at the time I made up my mind that I was going to waive extradition and go to Arizona. Now, I didn't understand the legal implications of what I was signing at the time.

"Q. But my question is,—do you feel like the Judge was unfair and hurried you through it, and pressured you into signing it?

"A. No, no.

"Q. Do you think he took a due amount of time to explain it to you fully where you would understand it?

"A. Yes, sir."

There is nothing in the record to support appellant's claim that he was coerced into waiving his right to an extradition proceeding. The evidence also supports the trial court's conclusion that the appellant was aware of the rights secured to him by Article 51.13, V.A.C.C.P., and that he intelligently waived them.

█ Apparently appellant contends that the waiver is ineffective unless he receives the advice of counsel prior to the waiver. We do not agree with this contention. Article 51.13, Sec. 25a, V.A.C.C.P., provides:

"Sec. 25a. Any person arrested in this State charged with having committed any crime in another State or alleged to have escaped from confinement, or broken the terms of his bail, probation, or parole may waive the issuance and service of the warrant provided for in Sections 7 and 8 and all other procedure incidental to extradition proceedings, by executing or subscribing in the presence of a judge or any court of record within this State a writing which states that he consents to return to the demanding State; provided, however, that before such waiver shall be executed or subscribed by such person it shall be the duty of such judge to inform such person of his rights to the issuance and service of a warrant of extradition and to obtain a writ of habeas corpus as provided for in Section 10."

The record conclusively demonstrates that the trial court adhered to the requirements of this statute and informed the appellant of his statutory rights. Under the Uniform Criminal Extradition Act,[1] the judge, not counsel, is to advise the individual of the rights afforded him before accepting or allowing a waiver of such rights. The fact that appellant was not advised by counsel prior to the waiver is not controlling.

Appellant knowingly and voluntarily waived his right to an extradition proceeding. In light of our holding, we need not determine the sufficiency of the Governor's warrant and the supporting papers thereon.

The order of the trial court in Cause No. 54,438, remanding appellant to custody for extradition to Arizona, is affirmed, and the relief prayed for in Cause No. 54,932 is denied.